UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DAREN QUINN KITCHEN**                                   **CIVIL ACTION**

**VERSUS**                                                **NO. 13-6705**

**SHERIFF CRAIG WEBRE, ET AL.**                           **SECTION: "S"(3)**

**REPORT AND RECOMMENDATION**

Plaintiff, Daren Quinn Kitchen, a state inmate, filed this *pro se* and *in forma pauperis* federal civil rights complaint against Sheriff Craig Webre, Sergeant Foote, and the Lafourche Parish Sheriff's Office. In order to better understand the factual basis of plaintiff's claims, the Court held a Spears hearing on March 12, 2014. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1] Based on plaintiff's complaint, as amended, and his testimony at the Spears hearing, the Court finds that plaintiff is making the following allegations in this lawsuit.

On July 22, 2013, plaintiff was transported from jail for a court appearance. As he was exiting the transportation van, his restraints became caught on a broken stair, causing him to fall. His back, neck, and shoulder were injured in the fall. After his court appearance, he complained that he was in pain, and Sergeant Foote told him to submit a "sick call" request, which is the normal procedure for seeking medical care at the jail.

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Plaintiff then submitted a "sick call" request that same day, and he was examined by the jail medical staff that night. He was scheduled for an x-ray, which was performed in September. He was subsequently transferred to a different facility, where he was placed on pain medication.

Plaintiff stated that Sheriff Webre was not personally involved in or present during these incidents.

## I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint, as amended,[3] and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, this matter be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II.  Plaintiff's Claims

### A.  Lafourche Parish Sheriff's Office

Plaintiff named the Lafourche Parish Sheriff's Office as a defendant.  However, that claim should be dismissed because "a sheriff's office is not a legal entity capable of being sued...." Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Davis v. Lafourche Parish Sheriff's Office, Civ. Action No. 12-1859, 2012 WL 5866201, at *2, adopted, 2012 WL 5866495 (E.D. La. Nov. 19, 2012); Campbell v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-3143, 2009 WL 1107251, at *1 (E.D. La. Apr. 23, 2009); Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

### B.  Sheriff Craig Webre

Plaintiff also named Sheriff Craig Webre as a defendant.  However, plaintiff has failed to state a proper claim against Webre in either his official capacity or his individual capacity.

---

[3] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

As to any official-capacity claims, "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, an official-capacity claim against Webre would in reality be a claim against the local governmental body itself.  Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010).  However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted).  Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."  Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights.  See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.  In the instant case, plaintiff does not allege that his rights were violated as a result of a policy or custom, much less identify such a policy or custom.  For that reason, it is clear that he has failed to state a proper claim against Webre in his official capacity.

Plaintiff likewise has not stated a proper claim against Webre in his individual capacity. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). At the Spears hearing, plaintiff testified that Webre was not personally involved in the events which gave rise to the claims in this lawsuit. Moreover, although Webre is a supervisory official, it is clear that he may not be held liable pursuant to § 1983 under any theory of strict liability[4] or vicarious liability[5] for federal civil rights violations allegedly committed by his subordinates.

For all of these reasons, the claims against Sheriff Webre should be dismissed.

### C. Sergeant Foote

Lastly, plaintiff sued Sergeant Foote. However, any official-capacity claims against Foote similarly fail because plaintiff has not alleged that his rights were violated as a result of a policy or custom, while any individual-capacity claims against Foote fail for the following reasons.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

---

[4] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[5] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

6

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Therefore, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of *rights, privileges, or immunities secured by the Constitution or laws of the United States.*

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984) (emphasis added).

That second element is clearly lacking with respect to plaintiff's claim concerning his fall, because that claim is grounded in state tort law, not federal constitutional law as required for a proper § 1983 claim. See, e.g., Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."). Both the United States Supreme Court and the United States Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims simply are not cognizable under § 1983. In Daniels v. Williams, 474 U.S. 327 (1986), an inmate fell on a pillow negligently left in a stairway by a detention facility official. Arguing that this negligence violated his Fourteenth Amendment "liberty" interest in freedom from bodily injury without "due process of law," the inmate brought a lawsuit pursuant to § 1983. Id. at 328. Rejecting the inmate's claims, the Supreme Court noted: "Lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." Id. at 332. The Supreme Court held:

> Jailers may owe a special duty of care to those in their custody under state tort law, but ... we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept. Petitioner alleges that he was injured by the negligence of respondent, a custodial official at the city jail. Whatever other provisions of state law or general jurisprudence he might rightly invoke, the Fourteenth Amendment to the United States Constitution does not afford him a remedy.

Id. at 335-36 (citation omitted). Similarly, the Fifth Circuit has expressly noted that "slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983." Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995). Accordingly, plaintiff's federal "slip and fall" claim should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted. See, e.g., Noble v. Grimes, 350 Fed. App'x 892 (5th Cir. 2009); Atkins v. Sheriff's Jail Avoyelles Parish, 278 Fed. App'x 438 (5th Cir. 2008).

As to plaintiff's claim that he was not immediately taken to have his injuries assessed by the medical staff, that claim is frivolous. The federal constitutional rights of an incarcerated person, regardless of whether he is a pretrial detainee or a convicted prisoner, are violated *only* if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). In the instant case, even if this Court assumes for the purposes of this decision that plaintiff has sufficiently alleged that he had a serious medical need, he has *not* sufficiently alleged that Foote acted with "deliberate indifference" for the following reasons.

The United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. ... [T]he plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. ... And, the failure

8

>to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). Therefore, "[d]eliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Here, Foote did not deny plaintiff medical care; rather, he simply told plaintiff to submit a "sick call" request, which was the normal way for an inmate to request medical assistance at the jail. Plaintiff in fact then submitted such a request the same day he was injured, and he was seen by the jail's medical staff that very night. Therefore, he was simply directed to follow normal procedures, he was given almost immediate medical attention upon doing so, and any delay by requiring submission of a "sick call" request was minimal. As an initial matter, the Court notes that it is not a constitutional violation for prison officials to require inmates to submit "sick call" requests for non-emergency medical concerns. Curtis v. Gonzales, Civ. Action No. SA-09-CV-0911, 2010 WL 3928521, at *3 (W.D. Tex. Oct. 5, 2010) (Nowak, M.J.) (adopted by Garcia, J., on December 10, 2010); see also Maxwell v. Epps, No. 4:04CV168, 2007 WL 4287712, at *2 (N.D. Miss. Dec. 4, 2007). Moreover, in any event, mere delay in receiving medical care is insufficient to create § 1983 liability unless substantial harm resulted. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Bennett v. Louisiana *ex rel.* Department of Public Safety and Corrections, No. 07-31189, 2009 WL 102080, at *4 (5th Cir. Jan. 15, 2009); Davis v. Kuykendall, 242 Fed. App'x 961, 962-63 (5th Cir.

2007). In this case, plaintiff has not alleged that he suffered any harm, much less substantial harm, as a result of the brief delay caused by requiring him to submit a "sick call" request.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this fourth day of April, 2014.

*Daniel E. Knowles, III*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.